**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfredo JIMENEZ, Defendant— Appellant.**

No. 04–50616.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided Oct. 31, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jessica Kass, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Paul W. Blake, Esq., Law Offices of Lee Plummer, Bonita, CA, for Defendant–Appellant.

Before: TASHIMA and FISHER, Circuit Judges, and SHADUR, District Judge.**

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM ***

Alfredo Jimenez appeals his jury trial conviction and the sentence imposed for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Because the parties are familiar with the facts, we do not recite them in detail. We affirm in part and remand in part.

■ The district court did not err in denying Jimenez's request for relief under Fed.R.Crim.P. 29 because there was sufficient evidence for a rational trier of fact to determine, beyond a reasonable doubt, that Jimenez was an alien previously deported and later found in the United States without the express permission of the Attorney General. The record shows that Jimenez was deported on July 26, 2002. There is no merit to his argument that the absence of the audiotape recording of his prior deportation hearing was a "fatal blow" to the government's effort to prove that he was deported. Because the record also shows that Jimenez knowingly and voluntarily waived his right to appeal the July 25, 2002 order of deportation by the Immigration Judge, Jimenez cannot collaterally attack his deportation in this proceeding under 8 U.S.C. § 1326(d). See United States v. Muro–Inclan, 249 F.3d 1180, 1182 (9th Cir.2001).

■ Jimenez appeals his sentence because the district court sentenced him on the assumption that the Sentencing Guidelines were mandatory. Because the Sentencing Guidelines are no longer mandatory, see United States v. Booker, —— U.S. ——, ——, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005), and we cannot determine from the record whether the sentence imposed would have been materially different were

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

they known to be advisory, we issue a limited remand to the district court to consider in its discretion Jimenez's sentence in light of *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc). Because we do not presume that every defendant will wish to pursue resentencing, *see Ameline,* 409 F.3d at 1084, Jimenez may opt out of resentencing by promptly notifying the district court and the government.

AFFIRMED in part and REMANDED for resentencing.